BENJAMIN B. WAGNER
United States Attorney
MATTHEW G. MORRIS
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:14-CR-10-LKK |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY |
| v. | |
| CHAD C. JAYCOX, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties hereto through their respective

counsel, Matthew Morris, Assistant United States Attorney, attorney for Plaintiff, and Matthew Scoble,

Assistant Federal Defender, attorney for the Defendant, that the Court should approve the proposed

protective order governing discovery.  The proposed protective order contains two components: (1)

protection of identifying information relating to alleged minor victims of sex abuse and exploitation, and

(2) the defense expert's forensic examination of computer data in this case.

The parties agree that the ability for defense counsel to advise his client adequately will be

enhanced by the approval of these protective orders.

## I.      PROTECTED IDENTIFYING INFORMATION

1. Portions of the discovery in this case are expected to contain personal information of one or

more minors who are alleged by the government and the State of California to be victims of sexual

abuse or exploitation, including name, address, relatives' names, social security numbers, and telephone

numbers (hereinafter "Protected Information").

2.  In the absence of a protective order, redactions would be necessary to avoid the unauthorized disclosure or dissemination of Protected Information to individuals not party to the court proceedings in this matter.

3.  By this stipulation, the parties jointly request that the Court issue a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and its general supervisory authority.

4.  The Protective Order applies to all discovery containing Protected Information.  Discovery that does not contain Protected Information is not subject to the Protective Order.

5.  **Defense Counsel, defense counsel(s) staff, investigator(s), and expert(s):** Discovery containing Protected Information may be shared, copied and viewed by members of the defense team(s) listed above as necessary for the preparation of the defense in this case.  Discovery containing Protected Information shall not be disseminated to any other person except by further order of the Court.  The terms "staff," "investigator," and "expert" shall not be construed to describe any defendant or other person not: (1) regularly employed by counsel, or (2) licensed as an investigator, or (3) retained as an expert.

6.  **Defendant:**  The defendant may review items containing unredacted Protected Information in the presence of defense counsel, defense counsel(s) staff, investigator(s), or expert(s).  Those persons who have access to unredacted Protected Information shall not give a copy of the unredacted Protected Information to the defendant(s) without further order of the Court.

7.  **Others:**  Neither the defendant, defense counsel, or defense counsel's staff, investigator(s), and expert(s) shall give documents that contain Protected Information (or copies of such documents) to any person, or otherwise transmit Protected Information to any person without providing a copy.  Copies of documents in which all Protected Information has been redacted may be given to other parties without further order of the Court.

8.  **Court Filings**: Parties will redact Protected Information from any Court filings and refrain from otherwise placing Protected Information in the public record.  If necessary to file Protected Information in Court filings, parties will either redact Protected Information from public filings or seek leave of the Court to file materials containing that information under seal, if redaction would frustrate

STIPULATION AND PROPOSED ORDER REGARDING DISCOVERY

the purposes of making the filing.

9. Nothing in this stipulation will be construed to prevent defense counsel, counsel's staff, investigator(s), or expert(s) a reasonable opportunity to prepare.

## II.        COMPUTER FORENSIC REVIEW OF ALLEGED CHILD PORNOGRAPHY

The defense of this case might require further forensic evaluation by a knowledgeable expert of the computer hard drives which the government alleges contain images of child pornography.  The parties have agreed that the attached proposed order should govern the defense examination of the computer media and request that the Court approve the attached proposed order.


Dated:  July 21, 2014                                      BENJAMIN B. WAGNER
                                                           United States Attorney


                                                  By:  /s/ MATTHEW G. MORRIS
                                                       MATTHEW G. MORRIS
                                                       Assistant United States Attorney

Dated:  July 21, 2014                                      HEATHER WILLIAMS
                                                           Federal Defender


                                                  By:  /s/ Matthew M. Scoble (auth by email)
                                                       MATTHEW M. SCOBLE
                                                       Assistant Federal Defender

# **O R D E R**

1.  It is ordered that the parties comply with the protective measures outlined in Section I of their stipulation regarding Protected Information.

2.  It is ordered that the parties comply with the following protective order with respect to computer materials alleged to contain child pornography:

 a.  Upon request, the Federal Bureau of Investigation agents shall make a duplicate copy of the hard drive(s) and any other storage media available for defense analysis;

 b.  The duplicate copies of the hard drive and storage media shall be made available for defense counsel, defense counsel staff, or another member of the defense team(s), and the defendant's proposed computer expert(s) to review at the Sacramento High Tech Task Force offices in Sacramento, California, for the purpose of preparing for the defense of the above-entitled action.  The images on the hard drive and storage media shall not be viewed by any other person;

 c.  A private room will be provided for the defense examination. No Government agents will be inside the room during the examination;

 d.  The expert will be permitted to bring whatever equipment, books, or records he or she believes may be necessary to conduct the examination;

 e.  Neither the defense expert nor defense attorneys nor the defense counsel staff shall remove the hard drive or other storage media from the confines of the law enforcement office;

 f.  With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the expert may download and remove files or portions of files, provided the forensic integrity of the hard drive is not altered.  The expert will certify in writing (using the attached certification), that he or she has taken no materials which would be considered child pornography, or data capable of being converted into child pornography, (under federal law) and that he or she has not caused any child pornography to be sent

4

1     from the law enforcement premises by any means including by any electronic transfer of

2     files;

3     g.  Except when a defense expert fails to provide this certification, no Government agent, or

4     any person connected with the Government, will examine or acquire in any fashion any

5     of the items used by the expert in order to conduct the defense analysis.  Should a defense

6     expert fail to certify that the expert has not copied or removed child pornography, or data

7     capable of being converted into child pornography, Government agents may then inspect

8     or examine the materials in order to ensure that prohibited child pornography has not

9     been removed;

10     h.  When the defense indicates that it is finished with its review of the copy of the hard

11     drives, the drive(s) or other storage devices shall be "wiped" clean;

12     i.  Any disputes regarding the above or problems implementing this order shall be brought

13     to the attention of the court through representative counsel after first consulting opposing

14     counsel.

15

16     IT IS SO ORDERED.

17

18 Dated: July 22, 2014

19

20     KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

CERTIFICATION

I, _____, certify under penalty of perjury that I have not copied or removed any images of child pornography or data capable of being converted into images of child pornography, or caused the same to be transferred electronically (or by any other means) to any other location, during the course of my review of the evidence in this case.

Date: _____        _____