UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHAD CARL JAYCOX,<br><br>　　　　Defendant. | No. 2:14-cr-0010-GEB<br><br>**RULINGS ON OBJECTIONS TO PRESENTECE REPORT** |

Defendant objects to the two-level enhancement for distribution of child pornography in paragraph 26 of the Presentence Report ("PSR") arguing it is based on the Probation Officer's "reliance on an undisclosed statement by the special agent alleging that Mr. Jaycox knew that the peer-to-peer ('P2P') software he used would enable others to download files . . . ." Def.'s Formal Objs. to PSR at 1:21-23, ECF No. 84. The United States counters: "Jaycox does not dispute that he confessed to [during an interview with law enforcement officers] to being experienced with at least four different varieties of peer-to-peer file sharing software: Limewire, Frostwire, Ares, and μTorrent." Reply to Formal Objs to PSR ("Reply") at 2:11-12, ECF No. 85 (citing PSR ¶ 8). The United States also argues:

> [T]he government believes that Jaycox's recorded interview . . . show[s] that he told the law enforcement officers: (a) that he knew that those file sharing programs were capable of making the child pornography

1

>           available to others; and (b) that he thought
>           that he had disabled the sharing feature. If
>           the Court believes the first incriminating
>           statement (that he knew the programs are
>           capable of sharing files), but not his self-
>           serving denial in the second statement (that
>           he believed he had disabled that feature),
>           then the defendant knowingly distributed.
>
>           The context of Jaycox's self-serving
>           denial permits the Court to reach that
>           conclusion. First, Jaycox has a history of
>           falsely disavowing his criminal conduct when
>           confronted.

Reply at 2:13-21 (internal citation omitted).

During the sentencing hearing, Defendant also disputed the meaning of the first sentence in paragraph 6 of the PSR, contending that sentence could not be construed as establishing that the FBI downloaded child pornography from Defendant's computer before a federal search warrant was obtained to conduct the search at the residence where Defendant's computer was located. The parties then agreed that Special FBI agent Scott Schofield could testify about the issue. Special Agent Schofield testified that law enforcement officers downloaded child pornography from Defendant's peer to peer file before the search warrant was obtained. This testimony reveals that child pornography on Defendant's computer was being shared with others.

Further, during Defendant's interview with law enforcement officers about child pornography found during the referenced search, Defendant stated he knew that the peer-to-peer software he used enabled others to download the child pornography files he received, but said he thought he had turned off the file sharing feature.

Notwithstanding Defendant's contrary indication, the

2

record evinces by a preponderance of the evidence that Defendant is experienced with numerous peer-to-peer file sharing programs, and his indication that he intended to disable the file sharing features of the programs he used is belied by the evidentiary record showing this feature was not disabled. The record also evinces that Defendant has a history of denying or minimizing his involvement in criminal activity until he is confronted with evidence contradicting his denials or minimizations. He also engaged in denial or minimization when he was interviewed by law enforcement officers concerning the extent of his interest in underage girls, by denying interest in children under a certain age. However, a finding in the PSR evinces he also possessed material portraying the sexual abuse of a toddler victim.

It is evident that defendant knew that files he downloaded could be shared with others. Therefore, Defendant distributed, within the meaning of § 2G2.2(b)(3), the child pornography he stored on his computer in a manner that he knew enabled other computer users to access and download it, and Defendant's objection to the two-level enhancement for distribution under § 2G2.2(b)(3)(F) is overruled.

Defendant also objects to the penalty enhancement under 18 U.S.C. § 2252, arguing his prior criminal conduct does not qualify for an offense level enhancement under the statute. Defendant's prior conviction is for unlawful sexual intercourse with a minor proscribed in California Penal Code § 261.5(c). That statute prohibits adults from having sex with minors. The Ninth Circuit rejected a similar argument in United States v. Sullivan, 797 F.3d 623, 638, 640 (9th Cir. 2015), stating:

> [W]e reject [the] argument that a prior conviction triggers a sentencing enhancement under § 2251(e) or § 2252(b)(2) only if the statutory definition of the prior offense is equivalent to a federal generic definition. Indeed, requiring such equivalence would render the words "relating to" in § 2251(e) and § 2252(b)(2) meaningless. . . . [T]he state crimes . . . involved "conduct that causes physical or psychological harm in light of the age of the victim in question," and as such, are crimes 'relating to . . . sexual abuse."

(citation omitted). Therefore, this objection is overruled.

The Probation Department shall be included in the service of this order, and these rulings shall be "appended to a copy of the presentence report made available to the Bureau of Prisons." Fed. R. Crim. P. 32(i)(3)(C).

Dated: February 22, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge