UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>CHAD CARL JAYCOX,<br><br>    Defendant. | No. 2:14-cr-10-GEB<br><br>**RESTITUTION ORDER** |

The parties dispute whether Defendant Chad Carl Jaycox should be ordered to pay restitution to victims seeking restitution for Defendant's child pornography activities. An evidentiary hearing was held concerning the dispute. The United States seeks a restitution order on behalf of the following child pornography victims requiring Jaycox to pay restitution in the stated amounts to each victim: $3,000 to a victim using the pseudonym Amy / (Misty series), $3,000 to a victim using the pseudonym Casseaopeia / (Lighthouse series), and $1,500 to a victim using the pseudonym Sarah (Marineland series). Rest.

1

Brief at 3, (ECF 101). The United States argues Amy's and Casseaopeia's respective restitution request is a small portion of the many millions of dollars of economic losses calculated by analysis supporting each request and the losses are already disaggregated as required by the Ninth Circuit's decision in United States v. Galan, 804 F.3d 1287(9th Cir. 2015).

The Ninth Circuit mandates that courts disaggregate "the losses caused by the original abuser [of a child pornography victim] from those caused by others who later possess or distribute images" of the victim "to the extent possible." Id. at 1290 and 1291. The Ninth Circuit further states in Galan: "If the ultimate apportionment is not scientifically precise, we can only say that precision is neither expected nor required." Id. at 1291.

The United States argued at a restitution hearing held on August 30, 2019:

> Sarah's request predates the Ninth Circuit's opinion in Galan . . . [and] the request does not appear to disaggregate the losses from the initial abuse from the ongoing trading, [and therefore] the government cannot support an amount of disaggregated economic and psychological losses attributable to this defendant. However, the restitution request does request $1,500 in

> attorney's fees related directly to this defendant.
>
> See Sarah Request at p. 13. Those losses are already disaggregated and are recoverable under 28 U.S.C. § 2259."

Restitution Brief, at 1:19-27, ECF Number 101.

The undersigned judge stated at the August 30, 2019 hearing that the full amount of Sarah's request for attorney's fees was not supported because Sarah's attorney only supported the request by saying "typically" the amount of time spent on the restitution request is three to four hours by the attorney, and an additional three to four hours by a paralegal. The attorney's rate was provided and would result in an attorney's fee award for the lesser estimate of three hours totaling $1,050. No rate was provided in Sarah's request for the paralegal. The United States conceded at the August 30 hearing that "in light of the court's logic, the best that the Sarah could support would be $1,050." No further evidence on the attorney fees issue has been presented on behalf of Sarah.

The United States also argued at the August 30, 2019 hearing that the threshold issue is whether the government can prove that the victims "are, in fact, victims of the crime of conviction." Jaycox argues that the facts involved with his child pornography conviction for "knowingly receiving child pornography in

3

violation of 18 U.S.C. §2252(a)(2)," is supported only by the factual basis that he "knowingly receiv[ed] *at least one* video containing depictions of a minor engaged in oral sex, but not to the particular video, or any particular identified minor." Def."s Opp at 3:11-12, 24-26, (ECF 107.)

"Congress has mandated that those convicted of child pornography offenses pay full restitution to their victims for any injuries they proximate[ly] caused. 18 U.S.C. § 2259 (2012). That directive recognizes that every perpetrator's [possessing or] viewing of a child's image inflicts distinct harm on that child in that it effects a repetition of the victim's abuse." United States v. Monzel, 930 F.3d 470, 476 (D.C. Cir. 2019) (internal quotations omitted). "Restitution in child pornography cases is meant to address the very real and reverberating trauma that attends each perpetrator's acquisition and viewing of a victim's image." Id at 487.

Evidence at that evidentiary hearing held on November 22, 2019 evinces that Jaycox possessed two child pornography videos of Sarah; a color image of file depicting Amy; and a video of Casseaopia. "Proof that [Jaycox] viewed the images and videos is not required." United States v. McIntosh, 2014 WL 5422215, at *5 (E.D. Va. 2014); United States v. Bordman, 895 F.3d 1048, 1056, (8th Cir. 2018) cert. denied (2019) 139 S.Ct. 1618(stating

"[e]ven mere possessors of child pornography cause proximate harm to victims of child pornography.").

Special Agent Scott Schofield of the Federal Bureau of Investigation testified at the November 22, 2019 evidentiary hearing that each victim requesting restitution was on the forensic images of Jaycox's computer used in the child pornography crime of which he was convicted. Special Agent Schofield confirmed each victim's identity by using reports from the National Center for Missing and Exploited Children, and the United States confirmed the identities of two of the three victims by communicating with counsel for the referenced victims. Further, the Presentence Report ("PSR") contains the following finding in paragraph 8 which were adopted during the sentencing concerning Jaycox's child pornography activity:

> Jaycox admitted he used peer-to-peer software, i.e., FrostWire, Ares, and uTorrent more recently, and LimeWire in the past, to download files of child pornography. He acknowledged awareness that his use of the above software programs would enable others to access and download the files as well. Jaycox used the search term "stickam" to search for files depicting web camera footage of girls, ages 12 to 17, engaged in sex acts. He indicated he had seen files of young children

5

involved in sex but did not specifically seek them out.
PSR at 4, para 8, ECF 81.

Jaycox was not the original abuser of the victims or the producer of the child pornography at issue. The depictable criminal acts of the original abusers of each victim is explained in victim statements attached to the PSR. Each victim's restitution statement attached to the PSR also discusses the ongoing distribution of her child pornography images. Further the United States presented evidence at the evidentiary hearing showing restitution awarded to each victim in other cases.

Considering the nature and the severity of the child pornography depictions of each victim, and the relative causal significance of Jaycox's conduct contributing to each victim's trauma, Jaycox shall pay $3,000 in restitution to the victim using the pseudonym Amy / (Misty series), and shall pay restitution $3,000 to the victim using the pseudonym Casseaopeia / (Lighthouse series), and shall pay $1,050 to the victim using the pseudonym Sarah (Marineland series). Further, the JUDGMENT IN A CRIMINAL CASE filed on March 5, 2019 shall be amended in accordance with this order.

Dated: November 27, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge